United States District Court
Southern District of Texas
FILED

NOV 18 1998

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AMFELS, INC. | § | |
| | § | B-98-172 |
| VS. | § | |
| | § | CIVIL ACTION NO. B-_____ |
| WORLD MARINE TRANSPORT & | § | |
| SALVAGE, INC., GLOBAL MARINE | § | |
| TRANSPORT, INC., AND GEERT C. | § | ADMIRALTY |
| VISSER A/K/A GERARD VISSER, | § | |
| INDIVIDUALLY | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now, AMFELS, INC. complaining of WORLD MARINE TRANSPORT & SALVAGE, INC., GLOBAL MARINE TRANSPORT, INC. and GEERT C. VISSER A/K/A GERARD VISSER, INDIVIDUALLY, and for cause of action would respectfully show as follows:

I.

### JURISDICTION & VENUE

**1.1** This suit arises out of a maritime contract, and specifically a towing agreement. As such, jurisdiction is predicated upon 28 U.S.C. §1333 and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff's claims also involve certain legal theories asserted under Texas law. To the extent some claims are controlled by Texas law, the Court has supplemental jurisdiction of this subject matter pursuant to 28 U.S.C. §1367.

**1.2** Venue of this action is proper in the Brownsville Division of the Southern District because the contract was entered into and

performable at Brownsville, Texas and because certain torts were committed in Brownsville, Texas.

## II.

## PARTIES

2.1  Plaintiff, Amfels, Inc., is a Texas corporation with its principal place of business located in Brownsville, Texas.

2.2  World Marine Transport & Salvage, Inc. is a Texas corporation with its principal place of business in Houston, within the Southern District of Texas. World Marine Transport & Salvage, Inc. may be served with process by serving its registered agent, I.T.S., Inc., 18351 Kuykendahl, Houston, Texas 77391.

2.3  Global Marine Transport, Inc., was a Texas corporation whose corporate charter was forfeited in August, 1998. Its principal place of business is in Houston within the Southern District of Texas. Global Marine Transport, Inc. may be served with process by serving its registered agent, ITS, Inc., 18351 Kuykendahl, Houston, Texas 77391.

2.4  Geert C. Visser a/k/a Gerard Visser is a resident of the State of Texas who resides in Livingston, within the Southern District of Texas. Gerard Visser is the President, Director and majority shareholder of World Marine Transport & Salvage, Inc. and Global Marine Transport, Inc. Gerard Visser may be served with process at his business address, World Marine Transport & Salvage, Inc. and Global Marine Transport, Inc., 3303 FM 1960 West 320, Houston, Texas 77068. Alternatively, Visser may be served at his residence, 101 Rainbow Dr., Apt. 5655, Livingston, Texas 77351.

## III.

## FACTS

**3.1** On or about 24 April 1995, Defendant World Marine Transport & Salvage (hereinafter *"World Marine"*) entered into a contract with Plaintiff Amfels, Inc. for the towage of the floating dry dock LOS ALAMOS. Defendant Gerard Visser (hereinafter *"Visser"*) is the President and majority shareholder of World Marine. Visser was also the President and majority shareholder of Global Marine Transport, Inc. (hereinafter *"Global Marine"*). Visser operated both corporations as alter egos from the same address in Houston. Plaintiff Amfels was and continues to be the charterer of the dry dock LOS ALAMOS. Attached hereto as Exhibit "A" is a true and correct copy of the towing agreement dated 24 April 1995.

**3.2** The terms of the contract required World Marine to provide seagoing tugs to tow the LOS ALAMOS from the James River reserve fleet, Fort Eustis, Virginia to Port Brownsville, Texas. The total contract price was $715,000.00, payable in four installments, as set out in Paragraph 5.A. of said contract.

**3.3** World Marine subcontracted towage of the dry dock to non-party Doucet & Adams, Inc., and Adams Bros. Transportation, Inc. (hereinafter collectively referred to as *"Doucet & Adams"*). The dry dock was delivered to Amfels, Inc. at Port Brownsville after some delay due to inclement weather.

**3.4** Plaintiff performed all obligations under the contract, paying World Marine in full as per Section 5.A. of the contract.

**3.5** Shortly after Plaintiff paid World Marine in full, Plaintiff began receiving notices of claim from World Marine's towing subcon-

tractor, Doucet & Adams, alleging non-payment. Doucet & Adams further asserted a maritime lien for necessaries against the LOS ALAMOS in the sum of $120,122.16 for towing services. Doucet & Adams threatened to arrest the LOS ALAMOS to obtain security for its claim.

3.6 Plaintiff made written demand upon World Marine and Visser, individually to rectify the situation, and prevent the arrest of the LOS ALAMOS. Visser and World Marine responded in writing that the towing sub-contractors had been paid in full. These representations were later discovered to be false.

3.7 Towing subcontractors, Doucet & Adams filed an action in the United States District Court, Southern District of Texas, Brownsville Division, *in rem* against the dry dock LOS ALAMOS seeking foreclosure of its maritime lien of approximately $120,122.16 in outstanding towage fees. Plaintiff, as charterer of the dry dock, was forced to post a bond in the amount of the claim to prevent the arrest of the LOS ALAMOS and interference with Plaintiff's ship building business. Plaintiff was further forced to make claim to the LOS ALAMOS and litigate Doucet & Adams' claims.

3.8 Through the course of discovery, it was revealed that World Marine did in fact owe its subcontractor, Doucet & Adams, the sum of $120,122.16. It was discovered at this time that Visser, Individually, on behalf of and/or as alter ego World Marine and Global Marine, made false representations to Amfels and converted money to its own use rather than paying the towing contractor.

3.9 The result of the litigation was that Amfels was forced to settle with the towing subcontractor for the amount of $65,000.00, in order to avoid in rem liability of LOS ALAMOS. Plaintiff incurred consequential damages and substantial attorney's fees in defending the action to prevent a judgment of <u>in rem</u> liability from being taken.

IV.

## DISREGARDING THE CORPORATE FICTION

Based upon information and belief, the Plaintiff has learned and has discovered that Defendant Gerard Visser is the sole and/or majority shareholder of the corporations known as World Marine Transport & Salvage, Inc. and Global Marine Transport, Inc. Further, these Defendants have knowingly, willingly, and with intent, operated the businesses known as World Marine Transport & Salvage, Inc., and Global Marine Transport, Inc., with insufficient amount of capital, and that there is such a unity between said corporations and individual, that the separateness of the corporations have ceased, and that holding only the contracting corporation liable for the Plaintiff's claims would result in a severe injustice, would sanction fraud and/or promote injustice. Furthermore, Plaintiff asserts the doctrine of alter ego as a result of said corporate fiction when said corporations are organized and operated as a mere tool or business conduit of said individual. Furthermore, Plaintiff asserts that said corporations, in their current state of financial weakness and/or financial inability to respond to claims, are no less than shells and perpetuate a fraud upon Plaintiff and this Court. Moreover,

Plaintiff asserts that the activities for which said corporations operate create a high degree of risk that Plaintiff, or others similarly situated, may not receive the benefit of any bargain with such corporations. In such a state, said corporations cannot reasonably respond to claims and pay their debts in light of the nature and risk and of the business, and as such, the piercing of the corporate veil and holding the individual shareholders and any subsequent corporation(s) formed for the same purpose liable for the contractual and/or tort liability of the contracting corporation is appropriate under these circumstances. Therefore, for purposes of these pleadings, Plaintiff alleges that each such Defendant, including Defendants World Marine Transport & Salvage, Inc. and Global Marine Transport, Inc. are alter egos and/or piercing of the corporate veil and holding the individual shareholders or subsequent corporations liable for the debts, obligations, and liabilities of said corporations is afforded to the Plaintiff under these circumstances.

V.

## CAUSES OF ACTION

**4.1 Contribution and Indemnity.** By reason of the foregoing acts, Plaintiff is entitled to contribution and indemnity from Defendants World Marine, Global Marine and Visser, acting in his individual capacity and as alter ego of said corporations for the sums paid to the towing subcontractor.

**4.2 Contract.** The towing contract required a sum certain be paid by Plaintiff in exchange for towage and delivery of the drydock to Port of Brownsville, Texas. The Plaintiff was forced to pay

substantially more, through no fault of its own. As such, Plaintiff did not receive the benefit of the bargain, and Defendants World Marine, Global Marine and Visser, acting in his individual capacity and as alter ego of said corporations, breached the contract with Plaintiff. Further and/or in the alternative, Defendants' actions entitle Plaintiff to rescission and/or reformation of the towing contract in such a manner as to make Plaintiff whole again.

4.3 **Torts**. By reason of the foregoing acts, Defendants World Marine, Global Marine and Visser, acting in his individual capacity and as alter ego of said corporations are guilty of fraud, misrepresentation and conversion.

VI.

## DAMAGES

Plaintiff has sustained liquidated damages in the sum of $65,000.00, pre-judgment interest, plus costs of court and attorneys fees in defending the *in rem* action and in prosecuting this action to recover monies based upon a contract. The costs and fees incurred are and continue to be reasonable, necessary and customary in Cameron County, Texas. All conditions, precedent and subsequent, have been performed by Plaintiff in order to perfect its claim upon the underlying contract.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear, and that Defendants have and recover judgment against Defendants for all actual and consequential damages, pre-judgment and post-judgment interest, costs and attorneys fees, and

to all other further relief, at law, admiralty and equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

_____
James H. Hunter, Jr.
Federal I.D. No. 15703
State Bar of Texas No. 00784311
Attorney for Plaintiff,
AMFELS, INC.

Of Counsel:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**
55 Cove Circle
P.O. Box 3509
Brownsville, Texas   78523-3509
Telephone:  (956) 542-4377
Telecopier: (956) 542-4370