

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

MAR 17 1999

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| AMFELS, INC. | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-98-172 |
| WORLD MARINE TRANSPORT & | § | |
| SALVAGE, INC., GLOBAL MARINE | § | |
| TRANSPORT, INC., AND GEERT C. | § | ADMIRALTY |
| VISSER A/K/A GERARD VISSER, | § | |
| INDIVIDUALLY | § | |

**PLAINTIFF'S UNOPPOSED MOTION TO ENLARGE TIME
TO SERVE DEFENDANT GEERT C. VISSER AND FOR
SUBSTITUTE SERVICE OF PROCESS**

Plaintiff, AMFELS, INC., asks the Court to grant it additional time to serve Defendant, Geert C. Visser (a/k/a Gerard Visser), with a summons and complaint under the authority of Fed.R.Civ.P.4(m) and to authorize substitute service on Defendant Geert Visser under the authority of Fed.R.Civ.P. 4(e).

A. **Introduction**

1. Plaintiff sued Defendants World Marine Transport & Salvage, Inc., Global Marine Transport, Inc. and Geert C. Visser a/k/a Gerard Visser, (hereinafter Defendant Visser) for contribution and indemnity, breach of contract and tortious causes of action for fraud, misrepresentation and conversion arising out of Defendant's breach of a maritime contract. As a result of the breach, Plaintiff was forced to pay money owed by Defendant to Defendant's subcontractor for the towage of the drydock "LOS ALAMOS", in order to prevent the maritime arrest of the "LOS

ALAMOS". At all times, World Marine Transport & Salvage, Inc., Global Marine Transport, Inc., and Geert C. Visser maintained that the towing subcontractor had been paid in full for the towage of Plaintiff's barge, which turned out to be false.

B. **Status of Service**

World Marine Transport & Salvage, Inc. and Global Marine Transport, Inc. have been duly served but have not answered. Defendant Visser, Individually has not yet been served despite Plaintiff's due diligence in attempting to serve Defendant.

B. **Argument and Authorities**

2. A Court is required to grant a plaintiff additional time to serve a defendant upon a showing of good cause. *Federal Rules of Civil Procedure 4(m)*: See *Espinoza v. U.S.*, 52 F.3rd 838, 840-841 (10th Cir. 1995).

3. There is good cause to enlarge time in this case because Defendant Visser is the sole and/or majority shareholder of the corporations known as World Marine Transport & Salvage, Inc. and Global Marine Transport, Inc. which have been properly served. Additionally, through the course of investigation it was revealed that Defendant Visser, individually made false representations to Plaintiff on behalf of or as the alter ego of World Marine Transport & Salvage, Inc. Defendant Visser has most likely consciously evaded service.

4. Plaintiff has diligently attempted to locate and serve Defendant Visser, both by certified mail and by personal service at his business address, World Marine Transport & Salvage, Inc. and

Global Marine Transport, Inc., 3303 FM 1960 West 320, Houston, Texas 77068 and at his last known residence, 101 Rainbow Drive, Apt. 5655, Livingston, Texas 77351. As evidence to this, attached hereto as Exhibit "A" is an affidavit of attorney James H. Hunter, Jr. Attached as Exhibit "B" is the Affidavit of process server James C. Howard. Attached as Exhibit "C" is the affidavit of process server Donald W. May. Said affidavits are attached and incorporated herein by reference into this motion as if fully set forth.

5. Plaintiff requests sixty (60) additional days in which to serve Defendant Visser by publishing notice in the Houston Chronicle. The extension will enable Plaintiff to serve Defendant Visser, and will not inconvenience the Court, any party or any witness.

6. If Plaintiff does not receive additional time, Plaintiff will suffer irreparable harm because Defendant Visser will be allowed to avoid an existing legal obligation and financial debt, by consciously evading service.

C. **Prayer**

7. For these reasons, Plaintiff asks the Court to grant its extension of an additional sixty (60) days and to authorize substitute service on Defendant Visser by publication in the Houston Chronicle, which will be reasonably effective to give Defendant notice of the suit.

Respectfully submitted,

By: _____
James H. Hunter, Jr.
State Bar of Texas No. 00784311
Federal I.D. No. 15703
Daniel P. Whitworth
State Bar of Texas No. 24008275
Federal I.D. No. 2319
Attorneys for Plaintiff,
AMFELS, INC.

OF COUNSEL:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**
55 Cove Circle
P.O. Box 3509
Brownsville, Texas   78523-3509
Telephone:  (956) 542-4377
Telecopier: (956) 542-4370


## CERTIFICATE OF CONFERENCE

No Defendant has yet to answer the Complaint, and consequently, this Motion is unopposed.

_____
JAMES H. HUNTER, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| AMFELS, INC. § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. B--98-172 |
| WORLD MARINE TRANSPORT & § | |
| SALVAGE, INC., GLOBAL MARINE § | |
| TRANSPORT, INC., AND GEERT C. § | ADMIRALTY |
| VISSER A/K/A GERARD VISSER, § | |
| INDIVIDUALLY § | |

AFFIDAVIT OF JAMES H. HUNTER, JR.

STATE OF TEXAS §
§
COUNTY OF CAMERON §

**On this day, appeared** JAMES H. HUNTER, JR. before me the undersigned notary public, and after I administered an oath to him, upon his oath, he said:

My name is James H. Hunter, Jr. I am the attorney of record for Plaintiff Amfels, Inc., in the above styled cause of action. I am competent to make this affidavit and I have personal knowledge of the facts stated below.

Service has been attempted on Defendant Geert C. Visser by (1) delivery to the Defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the Petition attached thereto, and by (2) mailing to the Defendant by registered or certified mail - return receipt requested, a true copy of the citation, with a copy of the Petition attached thereto. These service attempts were done at the Defendant's usual place of business of 3303 FM 1960 West 320, Houston, Texas 77068 and at Defendant Visser's last known residence, 101 Rainbow Drive, Apt. 5655, Livingston, Texas 77351, where the Defendant could probably be found. All attempts at service, at the locations above named in this affidavit, have been unsuccessful. Further affiant sayeth naught.

_____
JAMES H. HUNTER, JR.

EXHIBIT "A"

SUBSCRIBED AND SWORN TO BEFORE ME on this 17th day of March, 1999, under my hand and official seal.

ADELA G. RICO
My Commission Expires
January 27, 2001

*Adela G. Rico*
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

MY COMMISSION EXPIRES: 1/27/01

# DECLARATION OF NOT FOUND
## (DUE AND DILIGENT SEARCH)

AMFELS, INC.

VS.

WORLD MARINE TRANSPORT & SALVAGE, INC., GLOBAL MARINE TRANSPORT, INC., & GEERT C. VISSER A/K/A GERARD VISSER, INDV.

I, **James C Howard**, on the following dates, was over the age of 18 years; and was not a party to this action.

I, received a FEDERAL SUMMONS on, January 28, 1999. at 09:25:53 in Cause no. B98172

And that after due and diligent effort listed below I have been unable to effect personal service upon:   Visser, Geert C. A/K/A Gerard Visser, Indv.
World Marine Transport & Salvage, Inc.
Global Marine Transport, Inc.

```
DATE        TIME      ADDRESS / REASON FOR NON-SERVICE                         Ref# H0199 848
-----------------------------------------------------------------------------------------------
01/28/1999  3:20 PM   3303 Farm Road 1960 West.#320 Houston Tx 77068
                      BAD ADDRESS, MOVED OUT MARCH 1997. CURRENT RESIDENT LIQUID PROCESS TECHNOLOGIES, PUAL GROSS
```

I, declare Under Penalty that the foregoing is true and correct, and that this declaration is executed on:

1/28/99
DATE

James C Howard
OR/I.D. # 935

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on the 28 day of January 1999.

Service Fee $ _____

Notary Public

IMOGENE GRAY
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
OCT. 15, 1999



EXHIBIT B

02/16/99 10:01 ☎4095698679 ARS @002

*o Eddie*
*PCP Brownsville*

## AFFIDAVIT OF ATTEMPTED SERVICE
## CAUSE NO.:
## STYLED:

**AMFELS INC.** (
(
**VS.** (
(
**WORLD MARINE TRANSPORTATION** (

---

I Donald W. May attempted service on Visser Goert at the address given which was 101 Rainbow Drive Livingston, Texas at the time of the attempt I spoke with the manager of the grounds I showed him the address provided to me and he informed me that the grounds located there is simply a mailing service that has approximately 5,000 members and they all hold a post office box there while they travel across the country in recreational vehicles. There are only 15 to 20 residence in the club that are ever there at any given time. The name of the club is Escapees'. It is located on hwy 146 north Livingston, Texas.

I Donald W. May swear and affirm that the statements made in this document are true and correct to the best of my knowledge.

_Donald W. May_ (signature)

Signed before a notary public in and for the state of Texas on the __16__ day of __February__, 1999

__4-25-01__
my commission expires

_Stephanie L. Van Dyke_ (signature)
notary for the state of Texas



STEPHANIE L. VAN DYKE
MY COMMISSION EXPIRES
April 25, 2001

EXHIBIT
"C"

Fax:713-627-3713 Feb 16 '99 11:49 P.01
I.L.F. HOUSTON